(52 Misc. Rep. 374)

### TYLER v. STANDARD WINE CO.

(Supreme Court, Trial Term, Monroe County. November. 1906.)

1. PLEADING—PLEA IN ABATEMENT—SUFFICIENCY.

   A plea in abatement has not been changed by the Code, but remains as at common law, and, to be sufficient, it must show that a prior action is pending between the same parties for the same cause. as distinguished from actions for different causes, though depending in whole or in part on the same subject-matter.

   [Ed. Note.—For cases in point. see Cent. Dig. vol. 39, Pleading, §§ 221, 222; vol. 1, Abatement and Revival, §§ 39, 40.]

2. ABATEMENT—ANOTHER ACTION PENDING—IDENTITY OF CAUSE OF ACTION.

An action on a quantum meruit for the balance due after a partial payment for services rendered, and an action for the recovery of the partial payment on the ground that the services were not performed and that the consideration for the payment had failed, are not for the same cause, and the pendency of one action cannot be pleaded in abatement to the other.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 1, Abatement and Revival, §§ 46, 43.]

Action by James R. Tyler against the Standard Wine Company. Judgment ordered for plaintiff.

Charles Van Voorhis, for plaintiff.

David N. Salisbury and Charles W. Kimball, for defendant.

SUTHERLAND, J. This action was commenced September 29, 1906, with the venue laid in Monroe county, and the plaintiff seeks to recover $505, balance due for services rendered by him as an architect in drawing plans and specifications for improvements to two buildings owned by the defendant at Penn Yan and Crosby, in Yates county. The complaint alleges the employment of the plaintiff by the defendant, the due performance of the work, and the acceptance by the defendant of the plans and specifications furnished, and states that the services were reasonably worth $805, no part of which had been paid, except $300 received thereon by the plaintiff in the form of bonds and stocks of the defendant corporation, which were received and credited as and for $300. The answer is, in substance, first, a general denial; second, an allegation that plaintiff solicited this work of the defendant, and agreed that the plans to be drawn by him should be subject to the approval of the defendant and should be suitable to its needs, and that the plans and specifications submitted by plaintiff were never accepted, but were unsuitable and of no value; third, a counterclaim to recover $300, being the value of the bonds and stocks turned over to the plaintiff before the performance of the work as an advance payment, it being alleged that the contract was never performed and that the consideration for such advance payment wholly failed; and the fourth defense is that of a prior action pending, in which respect it is alleged, and upon the trial of the case it was proved, that prior to the commencement of this action, and on September 12, 1906, an action was commenced in this court, with the venue laid in Yates county, by this defendant against this plaintiff, to recover said sum of $300 so paid, upon the ground that said Tyler did not perform his contract of employment, and that the consideration for the said payment to apply upon said services had wholly failed.

On the trial of this action the plaintiff introduced evidence to support his cause of action, and the defendant then proved that the action commenced by the Standard Wine Company against Tyler was pending when this action was commenced, and had not been terminated by judgment or otherwise, and withdrew the counterclaim set up in its answer, and moved to dismiss the complaint on the ground of the pendency of the Yates county action, the decision upon which motion was reserved, whereupon the defendant rested, without offering any evidence upon

the merits. The jury was excused and the case submitted to the court for decision; and the sole question now to be determined is whether the pendency of the Yates county action can be successfully pleaded in abatement of this suit.

It is clear that the plea in abatement is not well taken here, because the two suits are not for the same cause. The old rule that no man shall be twice vexed for the same cause is the basis of the plea in abatement that there is another action pending between the same parties for the same cause. The plea has not been changed by the Code, and remains now as it was at common law, and it must appear that the prior action is pending between the same parties for the same cause. 3 Chitty's Pleadings, 905, tit. "Abatement"; Wait's Actions and Defenses, vol. 6, p. 500; Burrows v. Miller, 5 How. Pr. 51; Code Civ. Proc. § 488, subd. 4. The reason why the second suit for the same cause is not allowed to proceed is not found in the finality of res adjudicata, for the plea is interposed before any judgment has been rendered. But "cause of action" in this sense is not synonymous with "subject-matter"; for an action between the same parties, involving the same question, is not necessarily an action for the same cause, within the rules governing pleas in abatement.

Of course, where two actions are brought concerning the same subject-matter, and in both suits the same question is necessarily involved, either singly or in connection with other matters not involved in both, and a judgment is duly rendered in one of the actions upon the question common to both suits, that judgment becomes at once and forever decisive as to that question in the other litigation between the same parties, and the date of the commencement of the actions, respectively, is of no consequence as to the effect of the judgment as res adjudicata. If the judgment is first rendered in the later suit, it will control necessarily the determination of the same question in the prior action when that is brought to trial; but, until one action proceeds to judgment, the pendency of the other cannot be set up as a defense. unless the second suit is for the same cause of action as the first. The distinction just pointed out between actions for the same cause and actions for different causes, but depending in whole or in part upon the same question, is, of course, elementary (Cromwell v. County of Sac, 94 U. S. 351, 24 L. Ed. 195; Gates v. Preston, 41 N. Y. 113; Reich v. Cochran, 151 N. Y. 122, 45 N. E. 367, 37 L. R. A. 805, 56 Am. St. Rep. 607; State of Wisconsin v. Torinus, 28 Minn. 175, 9 N. W. 725); and it is this very distinction which leads to a decision for the plaintiff upon the plea of abatement interposed by the defendant herein.

Two causes of action are alleged here, and they are absolutely inconsistent. If the cause of action set up by the Standard Wine Company in its complaint actually exists, then the cause of action set up by Tyler in his complaint does not exist. The question whether Tyler performed his contract with the Standard Wine Company is involved in both actions; but the Standard Wine Company's cause of action is predicated upon nonperformance by Tyler, which it must establish affirmatively. Tyler's cause of action is predicated upon his performance of the contract, which he must establish affirmatively; and he must, in addition thereto, prove the value of his services. It is obvious that

if the Yates county action had been brought to trial first, and had resulted in Tyler's favor upon the question of his performance of the contract, that judgment would have been conclusive evidence as to the question of performance upon the trial of the action in Monroe county; but he would still be obliged to show in the Monroe county action that his services exceeded in value the $300 which he had received before he could have an affirmative judgment in his favor. Likewise, if the Standard Wine Company had succeeded in establishing nonperformance in the Yates county suit, that judgment would have been fatal to a recovery by Tyler in the Monroe county action, because it would have been adjudged that he had not performed his contract; but, there having been no judgment, the action first commenced does not prevent the maintenance of the second. Carlin v. Richardson (Super. Buff.) 1 N. Y. Supp. 772; Consolidated Fruit Jar Co. v. Wisner, 38 App. Div. 369, 56 N. Y. Supp. 723; Jordan v. Underhill, 91 App. Div. 124, 86 N. Y. Supp. 620.

The defendant, while conceding that a defendant in an action in the Supreme Court is not bound to set up a counterclaim in his own favor which is not involved in the issue tendered by the complaint, but may resort to an independent action for the recovery thereof, still urges that, where an alleged cause of action in favor of a defendant can only be established by establishing the converse of an issue tendered by the complaint, the counterclaim must be set up in the answer, and that such defendant will not be permitted to withhold it and bring an independent cross-action therefor while the other suit is pending, and cites Bartholomay Brewing Co. v. Haley, 16 App. Div. 485, 44 N. Y. Supp. 915, to sustain that proposition; and the ruling in that case would seem to support the defendant's contention. But, with great respect, the statement is ventured that the ruling in that case is not in harmony with the views that have been commonly entertained by the courts of appellate jurisdiction as to the right of a defendant to bring a cross-action under such circumstances. Gates v. Preston, supra. Nor do the cases cited in the opinion in Bartholomay Brewing Co. v. Haley sustain the position taken by the defendant in this case. Lewis v. Maloney, 12 Hun, 207, involved an action in the Supreme Court and a subsequent proceeding in Surrogate's Court brought by the same person against an executor to obtain payment of a legacy. Obviously, both were for the same cause of action. Dunham v. Bower, 77 N. Y. 76, 33 Am. Rep. 570, had to do with the effect of a prior judgment establishing performance upon a cross-action between the same parties based upon nonperformance, and the opinion of Chief Judge Church sustains the view taken here that such actions are not brought for the same cause; and Auburn City Bank v. Leonard, 20 How. Pr. 311, concerned a motion for a stay of proceedings, which was denied because the parties were not the same. In later cases in the First and Second departments, Bartholomay Brewing Co. v. Haley has not been followed. Consolidated Fruit Jar Co. v. Wisner; Jordan v. Underhill, supra.

In Gates v. Preston, supra, the defendant was a physician and the plaintiff his patient, who brought the action for malpractice. While the

action was pending the physician brought an action against the patient before a justice of the peace for the value of his professional services in the very matter concerning which malpractice was charged in the first action, and the physician recovered a judgment, and then, by supplemental answer, pleaded it in bar in the malpractice case; and the Court of Appeals held that the plea in bar was well taken, because the judgment for services was predicated upon the performance of his professional duty, which necessarily excluded the contrary hypothesis of malpractice. It would seem that some question was raised as to the applicability of the plea in bar where the judgment was rendered after issue had been joined in the first action, in which respect the court says, at 41 N. Y. 116:

"Nor is it an objection that the defense was interposed after the cause was at issue. Conceding that the effect of defeating plaintiff's action would have established the defendant's right to recover for his services, it would not have fixed their value; and there was no rule of law that required him to await the result of that action before he could take proceedings to recover such value."

It will be observed that, as the claim for malpractice and the physician's claim for services arose out of the same transaction, the physician, if he preferred, could have set up as a counterclaim to the malpractice case his claim for services; but he did not do that, choosing to bring a separate action therefor, which the Court of Appeals says he had a perfect right to do.

There is, no doubt, ample power in the court, upon motion before trial, where two actions between the same parties involve the same question and are pending in the same court, to determine, for the convenience of all concerned and the proper expedition of the business of the court, which of the two actions shall be first tried. Such an application is addressed, however, to the discretion of the court; and, when that discretion is exercised, the question as to which suit shall be first tried is not necessarily decided in favor of the action first commenced. Thomson v. Southeastern Rwy. Co., L. R. 9 Q. B. D. 320.

No such motion was made in this case, defendant relying upon a supposed legal right to insist that the action be dismissed because of the pendency of the prior action; and judgment is accordingly ordered for the plaintiff for the balance of his claim.