(61 Misc. Rep. 238.)

### L. ROSENFELD & CO. v. SOLOMON et al.

(Supreme Court, Appellate Term. December 16, 1908.)

1. COURTS (§ 189*) — MUNICIPAL COURT OF NEW YORK — STATUTES—STATEMENT OF FACTS—REQUISITES.

Municipal Court Act (Laws 1902, p. 1560, c. 580) §§ 241–243, authorizing the submission of a controversy on admitted facts, and requiring the trial of the action on the statement of facts alone, contemplate a case where the entire controversy is to be disposed of on conceded facts, and do not restrict the rights of litigants to make admissions in open court, though they relate to the entire matter in controversy, nor do they apply to a case where the parties in open court admitted certain facts, and thereafter introduced evidence followed by further admissions.

[Ed. Note.—For other cases, see Courts, Dec. Dig. § 189.*]

2. JUDGMENT (§ 622*)—CLAIMS AVAILABLE.

In an action for work in dyeing skins according to sample, a claim for damages to the skins cannot be set up as a counterclaim after such claim

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

has been merged in a judgment therefor, rendered pending the action for the work.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 1136; Dec. Dig. § 622.*]

3. COURTS (§ 189*)—CLAIMS AVAILABLE.

Under Municipal Court Act (Laws 1902, p. 1538, c. 580) § 151, subd. 2, authorizing defendant to interpose a counterclaim for any other cause of action on contract existing at the commencement of the action, a judgment for damages to skins delivered to another to be dyed according to sample, rendered pending an action for the work in dyeing the skins, is not available as a counterclaim.

[Ed. Note.—For other cases, see Courts, Dec. Dig. § 189.*]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by L. Rosenfeld & Co. against Moses Solomon and others. From a judgment for plaintiff, defendants appeal. Affirmed.

Argued before GIEGERICH, HENDRICK, and FORD, JJ.

Charles L. Hoffman (Charles L. Hoffman and Henry A. Friedman, of counsel), for appellants.

David J. Gladstone, for respondent.

GIEGERICH, J. The action is to recover the sum of $173.85 for work, labor, and services performed. The pleadings were oral and the defense "a general denial, breach of contract, and a counterclaim for $459.19." When the case was finally reached for trial after several adjournments had been had, the following colloquy took place:

"Plaintiff's Counsel: We admit that the jury has granted them a verdict of $285 for damages to certain goods on which we have worked. That now is in judgment, and they have their remedy by issuing an execution. Am I to understand that they are going to counterclaim that judgment?
"Defendants' Counsel: Why, yes.
"The Court: There is no question of fact involved here?
"Defendants' Counsel: No.
"The Court: Why not submit the case on a statement of facts?"

The record then states:

"That the following statement of facts was agreed upon and dictated to the stenographer by defendants' counsel."

The facts so agreed upon, concisely stated, are as follows: The defendants sent to the plaintiffs 3,454 skins to be dyed according to sample. For each skin so dyed the defendants were to pay 4 cents. One thousand nine hundred fifty-four were dyed perfectly, amounting to $78.16. The defendants were also indebted to the plaintiff for other work previously done in the sum of $34.19, making in all $112.35. Fifteen hundred of the skins were damaged and returned in that condition to the defendants. Prior to the beginning of this action, the defendants began an action in the City Court to recover $459.15 for the damaged skins. That action was pending when this action was begun. The defendants in this action set up as a counterclaim their damages for which there was an action then pending in the City Court.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

The City Court action was tried on October 13, 1905, and resulted in a judgment in favor of the plaintiffs for $285 damages, and with costs, amounting to $378.97.

The record then sets forth:

"No part of said judgment has been paid, and the defendant here offers in evidence the judgment roll in that action.

"Received in evidence and marked 'Defendants' Ex. 1.'

"It is consented that a copy of the judgment roll may be used instead of the original, and that the original be returned to the custody of the clerk of the City Court, who produced it.

"By Plaintiffs' Counsel: Is there any question about admitting that the counterclaim interposed in this action was the same cause of action that was tried and disposed of by the City Court on the 13th day October?

"By Defendants' Counsel: The action in the City Court was begun first, and before the trial in the City Court this action was begun, and the defendants in this action interposed as a counterclaim the cause of action which was afterwards tried in the City Court case against the plaintiff's claim in this case.

"The judgment in the City Court gave the plaintiff in that action damages for fifteen hundred (1,500) skins and these fifteen hundred (1,500) are part of the three thousand four hundred and fifty-four (3,454) skins mentioned in this statement of facts.

"Case to be submitted as of November 15, 1905."

The present action was tried on October 27, 1905, and the defendants sought to use such judgment so obtained by them in the City Court as a counterclaim, but the trial justice declined to consider it, and gave judgment for the plaintiffs for $112.35 damages and costs.

The defendants thereupon brought on this appeal. It is urged in their behalf that the so-called statement of facts could not be considered because it was not signed and verified, as required by section 241 of the Municipal Court act (Laws 1902, p. 1560, c. 580). The said section prescribes:

"When an action or summary proceeding has been commenced according to the provisions of this act, upon its being reached for trial, the parties, being of full age, may agree upon a statement of the facts upon which the controversy depends and may present a written submission thereof to the court. Such statement must be accompanied with affidavit of one or more of the parties to the effect that the controversy is real and that the submission is made in good faith, for the purpose of determining the rights of the parties."

This section, together with sections 242 and 243, was taken from title 2, art. 2, "Submission of a Controversy, upon Facts Admitted," §§ 1279, 1280, 1281, Code Civ. Proc. (Langbein's Mun. Ct. Pr. [6th Ed. Revised] p. 410).

Section 1279 of the Code provides:

"The parties to a question in difference, which might be the subject of an action, being of full age, may agree upon a case, containing a statement of the facts, upon which the controversy depends; and may present a written submission thereof to a court of record, which would have jurisdiction of an action brought for the same cause. The case must be accompanied with the affidavit of one of the parties, to the effect, that the controversy is real; and that the submission is made in good faith, for the purpose of determining the rights of the parties. The submission must be acknowledged or proved, and certified, in like manner as a deed, to be recorded in the county where it is filed."

Section 1280 provides for the filing of the submission papers, and section 1281 regulates the proceedings subsequent to such filing and

the salient features of such provisions have been practically made a
part of sections 242 and 243 of the Municipal Court act. It will be
seen from a reading of the provisions of the Municipal Court act above
referred to that they contemplate only a case where the entire con-
troversy is sought to be disposed of upon conceded facts, reduced to
writing, verified as above prescribed and filed in the office of the clerk
of the court (section 242) without the proceedings incident to a trial,
such as the examination of witnesses, the submission of documentary
evidence or the concessions of counsel as to certain facts, and not to
a case where, as here, the respective parties have spread upon the
minutes of the trial their admissions as to certain questions. The
mere circumstance that the conceded facts were called "a statement of
facts" upon the trial does not make them such within the scope of
section 241 of the Municipal Court act. Neither did the Legislature,
by the enactment of the said sections of the Municipal Court act, in-
tend to restrict the rights of litigants to make admissions in open
court, even though they might relate to the entire matters in contro-
versy, but what it really intended to do was to extend to the Municipal
Court the power possessed by courts of record to decide controversies
upon the filing of an agreed statement of facts, a power which the said
Municipal Court does not appear to have theretofore had. The wisdom
of the Legislature in enacting the said sections of the Municipal Court
act becomes more apparent when we reflect that, when a case is reach-
ed for trial, further attendance in court may be obviated by the filing
of an agreed statement of facts, and the time of the court which would
otherwise be spent in hearing the evidence or admissions of counsel
and passing upon objections to the admissibility of evidence and lis-
tening to the arguments of counsel may be saved. But, if these views
are erroneous, then it may be fairly said that the facts so agreed upon
at the trial were not "a statement of the facts" within the provisions of
said section 241 of the Municipal Court act, since such statement does
not appear to contain all "the facts upon which the controversy de-
pends." As already stated, the so-called statement was followed by the
introduction in evidence of the judgment roll in the City Court action,
and this was supplemented by another colloquy between counsel, during
the course of which further admissions relative to the last-mentioned
action and the judgment therein as well as to the pleadings in this
action were made. Such statement as originally dictated was there-
fore in the opinion of counsel incomplete, and, as already stated, ad-
ditional admissions upon the record were deemed to be necessary in
order to place before the court all the facts upon which its decision
was sought.

As "the action must be tried by the court upon the statement alone"
(Municipal Court Act, § 243), it is manifest that the counsel for the
respective parties did not regard the so-called statement as coming
within the said provisions of the Municipal Court act when they stipu-
lated for the admission of said documentary evidence and had noted
upon the record the said additional admissions. In no aspect, there-
fore, does the so-called statement of facts come within the provisions
of section 241 of the Municipal Court act, and consequently the facts

so conceded upon the trial were properly before the court below when it decided this action.

The defendants insist that the trial justice should have allowed their counterclaim, at least to the extent of offsetting the plaintiffs' claim; but, as seen, the counterclaim was based upon the City Court judgment, and in my opinion he made a correct disposition of the matter when he declined to consider it. As shown above, when the counterclaim was first interposed, another action between the same parties for the same cause of action thus sought to be counterclaimed was pending in the City Court. Although the claim for damaged skins so pleaded as a counterclaim could have been litigated in this action had it been first reached for trial (Tyler v. Standard Wine Co., 52 Misc. Rep. 374, 102 N. Y. Supp. 65; Rosenblatt v. Lesser, 59 Misc. Rep. 421, 110 N. Y. Supp. 841), yet after the recovery of the judgment for that counterclaim in the City Court the original claim became merged in the judgment, and therefore it no longer formed the basis of a counterclaim (Ives v. Goddard, 1 Hilt. 434; Lowell v. Lane, 33 Barb. 292). Having thus become merged in the judgment, such original claim could no longer be used as an evidence of indebtedness, and hence the right to use it for any purpose in this action was gone. Moreover, such judgment did not exist when the present action was commenced, and hence under subdivision 2 of said section 151 of the Municipal Court act it is not available as a counterclaim. Under the provisions last mentioned a defendant may interpose a counterclaim for "any other cause of action on contract, existing at the commencement of the action." The judgment sought to be set up was therefore not such a cause of action as is contemplated by that section.

My conclusion is that the court below properly disallowed the counterclaim, and the judgment should therefore be affirmed, with costs. All concur.