ROSCOE C. TARBELL, Plaintiff, *v.* WILLIS HOWARD, Defendant.
(Action No. 1.)

WILLIS HOWARD, Plaintiff, *v.* ROSCOE C. TARBELL, Defendant.
(Action No. 2.)

Supreme Court, Tompkins County, April 24, 1937.

*Quinn, Higgins & Tormey,* for Roscoe C. Tarbell, for the motion.

*Lusk, Buck, Ames & Folmer,* for Willis Howard, opposed.

PERSONIUS, J. These actions arise out of an automobile accident in which cars driven by the respective parties came into collision. The accident occurred about October 17, 1936.

In action No. 1 the summons *without a complaint* was served February 12, 1937. Howard's attorneys appeared March 5, 1937. The complaint was served by mail March twelfth. Howard's answer was served April second, though not due.

In action No. 2 a summons *and complaint* were served March 3, 1937, by mail. The answer was, therefore, due March twenty-sixth,

which would have been the date of issue in action No. 2 if an answer had been served.

The defendant in action No. 2 did not answer but made this motion, relying on section 283 of the Civil Practice Act for an extension of time to answer in the event the motion to dismiss the complaint was denied.

The motion to dismiss the complaint is made on the ground that another action was pending. The motion is without merit. Action No. 1 is brought to recover the alleged damages to Mr. Tarbell. Action No. 2 is brought to recover the alleged damages to Mr. Howard. They grow out of the same accident or transaction, but they are not the same causes of action. True, Mr. Howard could have set up his claim as a counterclaim, but he was not obliged to do so. (3 Carmody, 2156; *Robinson* v. *Whitaker*, 205 App. Div. 286, 291.) Had Howard " voluntarily and unnecessarily pleaded " his cause of action as a counterclaim, the defense that another action was pending might have been good in a subsequent action brought by him (*Cornell* v. *Bonsall*, 176 App. Div. 798), but not otherwise.

The motion to dismiss the complaint in action No. 2 is denied.

The alternative relief for consolidation should be granted. The real question is as to who will be plaintiff in the consolidated action. It has been held that the party moving for consolidation waives the right to open and close. If so, Mr. Tarbell has waived. The weight of authority seems to hold that priority of action controls, and the party whose action was first started should have that right. Mr. Tarbell claims that his action was first started, but he served a summons only. We think " the principle of the cases holding that a defense of prior action pending cannot be founded on a case where a summons only had been served, may well be applied " here. (*Dexter Sulphite Pulp & Paper Co.* v. *Hearst*, 206 App. Div. 101, 106, 107.) It should also be noted that, but for the unfounded motion to dismiss the complaint in action No. 2, it would have been first at issue and appeared first upon the calendar.

All the cases recognize that the matter is in the discretion of the court. As matter of discretion, as well as upon the authority of the *Dexter* case, we hold that the actions should be consolidated and that in the consolidated action Willis Howard should be plaintiff and Roscoe C. Tarbell defendant.

The successful party in the consolidated action may include in his bill of costs costs to date in each original action and one bill of costs from date in the consolidated action. (*Hull* v. *Shannon*, 139 Misc. 564, 567, 568; affd., 234 App. Div. 648, and cases cited.)

Submit order accordingly. No costs.