■ ELSIE W. EDSALL, Appellant, v. VILLAGE OF ILION et al., Respondents.— Judgment unanimously modified on the law and facts to reinstate the complaint with respect to claim for damages against defendants Village of Ilion and Board of Water Commissioners of the Village of Ilion, and otherwise affirmed, with costs to appellant against said defendants. Memorandum: Since plaintiff had a prior proceeding pending in the Third Department for the same relief, except for damages, which she seeks in this action, Special Term properly dismissed the complaint insofar as it sought a declaration that the permit to erect one or more dams in and divert water from Steele's Creek was void and sought to enjoin defendants from proceeding thereunder. That portion of the complaint which demands damages against the defendants Village of Ilion and Board of Water Commissioners of the Village of Ilion, however, was not repetitive of the article 78 proceeding; it states a cause of action (*Ferguson* v. *Village of Hamburg*, 272 N. Y. 234, 239–241); and it should not have been dismissed. (Appeal from judgment of Herkimer Special Term dismissing complaint in action for injunction.) Present — Goldman, P. J., Marsh, Witmer, Moule and Cardamone, JJ.

■ MABEL SEILS, Respondent, v. CITY OF ROCHESTER, Appellant. (Appeal No. 1.) — Judgment unanimously reversed on the law and facts, without costs, and complaint dismissed. Memorandum: By her own unequivocal testimony plaintiff established that the injuries for which she has been awarded a verdict were sustained when she alighted from a bus and stepped on a broken curb. Since no written notice of the alleged defective condition had been given to the city, it was determined on a motion for summary judgment that the trial would be limited to proof of active negligence on the part of the city in causing the defect. However, the record lacks any evidence of such negligence. To establish that the city actively created the condition which caused plaintiff's injuries she offered only examinations before trial of two city employees, one of whom was called as a witness for defendant and gave testimony similar to that contained in his pretrial deposition. Both these employees stated that they had no knowledge whatsoever whether any repairs had been made to the curb where plaintiff fell. Their testimony related solely to records of highway inspections (which contained no indication of any defective curb condition), to a sidewalk repair away from the place of the fall and to a pad approach repair on one of the corners at the intersection where the accident occurred. However, the employee was unable to state on which corner the pad approach repair had been done. Furthermore, he stated that a pad approach reached only up to the curb. The employee who actually did the repair testified for the city that he had never done any work on the curbstone at the intersection in question. The record is therefore barren of any proof that the city by its conduct — negligently or otherwise — created the dangerous condition of the curb on which plaintiff testified she was injured. (Appeal from judgment of Monroe Trial Term in bus negligence action.) Present — Del Vecchio, J. P., Marsh, Witmer, Gabrielli and Henry, JJ.