Memorandum. Plaintiffs seek compensatory and punitive damages both in a first cause of action against defendant Gnerre for alleged breach of contract regarding the development of certain realty in Putnam County and, in a second against defendants Liccione, Gnerre and Yorio, for an alleged conspiracy to defraud plaintiffs. In a third, asserted on behalf of plaintiff Alberi against all defendants, such damages are sought for an alleged conspiracy to inflict bodily harm upon and to kill him. On Gnerre’s motion to dismiss each cause of action "pursuant to CPLR 3014 and 3211”, to strike scandalous and prejudicial matter from the complaint, to dismiss or direct amplification of said pleading and for summary judgment, Special Term: denied the motion to dismiss the first and second causes of action, stating that the complaint on its face states a cause of action and that the essential allegations therein may be further amplified by a bill of particulars; denied the motion for summary judgment; and denied the motion to dismiss the third cause, with leave to renew upon submission to the court of defendants’ answer thereto.
 

 The Appellate Division reversed, on the law, and dismissed the complaint as to Gnerre. It held that, as to the first cause, there was another action pending between the same parties to that cause which was previously instituted by Gnerre in the Supreme Court of Putnam County, and that all issues sought to be raised here can be tried in that action. Therefore, it dismissed,
 
 sua sponte,
 
 the first cause pursuant to CPLR 3211 (subd [a], par 4). It was also stated that the conspiracies and
 
 *901
 
 threats alleged in the second and third causes are derivative and subsidiary to the alleged breach of contract, the issues of which are before the court in Putnam.
 

 Gnerre instituted the Putnam County action against plaintiffs herein, Margaret Alberi and the People of the State of New York to compel a determination of claims to the real property in that county pursuant to article 15 of the Real Property Actions and Proceedings Law. Liccione, Yorio and the fictitiously named "John Doe” and "Richard Roe”, parties here, are not parties in said other action. CPLR 3211 (subd [a], par 4) provides for a motion for dismissal where there is another action pending "between the same parties”. The joinder of an additional defendant, in itself, need not result in the defeat of such a motion
 
 (Krisel v Phillips Petroleum Co.,
 
 32 AD2d 628; 4 Weinstein-Korn-Miller, NY Civ Prac, par 3211.28), nor will the mere fact that a plaintiff in an action under consideration is a defendant in litigation previously commenced
 
 (General Aniline & Film Corp. v Photo-Marker Corp.,
 
 28 AD2d 990). But paragraph 4 also requires that the prior action or proceeding be "for the same cause of action”, an essential that seriously limits the availability of this defensive motion. Although the causes of action in both suits arise out of the same subject matter or series of alleged wrongs, there is good reason for the separate existence of the earlier cause of action asserted by Gnerre apart from those asserted against him in the instant action, since the nature of the relief sought is not the same or substantially the same
 
 (National Fire Ins. Co. of Hartford v Hughes,
 
 189 NY 84, 87-88;
 
 Renzi v Aleszczyk,
 
 44 AD2d 648, 649;
 
 Edsall v Village of Ilion,
 
 37 AD2d 684;
 
 Tyler v Standard Wine Co., 52
 
 Misc 374, affd 121 App Div 928; Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR 3211.15, pp 21-23; 4 Weinstein-Korn-Miller, NY Civ Prac, par 3211.29; cf.
 
 Hammond v Citizens Nat. Bank of Potsdam,
 
 260 App Div 374, 376), the plaintiffs here not having asserted a counterclaim in the other action
 
 (Berlin & Son v New York City Omnibus Corp.,
 
 171 Misc 674;
 
 Tarbell v Howard,
 
 162 Misc 606, 607; 4 Weinstein-Korn-Miller, NY Civ Prac, par 3211.30, p 32-87; 2 Carmody-Wait 2d, New York Practice, § 12:13).
 

 Although paragraph 4 contains a provision that "the court need not dismiss upon this ground [another action pending] but may make such order as justice requires” and although it appears that a joint trial might be appropriate (see
 
 Stewart-
 
 
 *902
 

 Scott Constr. Corp. v Schaefer Brewing Co.,
 
 41 AD2d 788), it would be unjust to direct same since it does not appear that all parties to both actions have been properly notified (see CPLR 602, subd [a]; Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR 3211.19, pp 25-26).
 

 Order of the Appellate Division reversed and the order of Special Term reinstated, with costs.
 

 Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur in a memorandum.
 

 Order reversed, etc.