■ WILLIAM D. MULLINS et al., Appellants, v LEONARD SAUL et al., Respondents.—In an action to recover damages for personal injuries, etc., the plaintiffs William D. Mullins, an infant under the age of 14 years, by Maureen Mullins, his parent and natural guardian, and Maureen Mullins, individually, appeal, as limited by their brief, from so much of an order of the Supreme Court, Richmond County (Kuffner, J.), entered March 6, 1986, as (1) granted the motion by the defendant Leonard Saul to dismiss their causes of action against him on the ground that there was another action pending between the same parties, (2) consolidated their action with an action which had been previously brought in the name of William D. Mullins, an infant under the age of 14 years, by William Mullins, Sr., his parent and natural guardian, and William Mullins, Sr., individually, (3) ordered that in the consolidated action, the infant plaintiff, William D. Mullins, was to be represented by the law firm originally retained by William Mullins, Sr., and (4) relieved counsel for Maureen Mullins.

Ordered that the order is modified, by (1) deleting the first and second decretal paragraphs thereof and substituting

therefor provisions granting that branch of the defendant Saul's motion which was for dismissal of the infant plaintiff's claim, and denying that branch of the defendant Saul's motion which was for the dismissal of Maureen Mullins' derivative cause of action, (2) deleting the fifth decretal paragraph thereof and (3) adding to the sixth decretal paragraph thereof after the word "relieved" and after the word "file", the following words: "with respect to his representation of the infant plaintiff's causes of action only". As so modified, the order is affirmed insofar as appealed from, without costs or disbursements; and it is further,

Ordered that the matter is remitted to the Supreme Court, Richmond County, for the appointment of a guardian ad litem on behalf of the infant plaintiff, who shall not be either parent or their respective attorneys; that guardian ad litem shall have the authority to employ counsel other than the attorneys and the law firms that have previously appeared in these proceedings on behalf of the infant plaintiff and his parents, to represent the infant in the consolidated action, which counsel may represent the parents with respect to their derivative causes of action, if the parents be so advised.

On March 24, 1984, the infant plaintiff William D. Mullins was injured when he was struck by an automobile owned by the defendant Leonard Saul. At that time, the infant's parents William Mullins, Sr., and Maureen Mullins were in the midst of divorce proceedings, and by judgment dated October 15, 1984, the parents were divorced and awarded joint legal custody of the infant. Shortly thereafter, the infant's father commenced the first action on the infant's behalf against Saul to recover damages for the personal injuries sustained by the infant in the automobile accident. A derivative cause of action was also asserted on behalf of the infant's father. Subsequent thereto, the infant's mother commenced a second action against Saul and seven additional defendants on behalf of the infant, seeking to recover damages for his personal injuries, and asserting, in pertinent part, a derivative cause of action in her own behalf.

Saul moved to dismiss the second action brought against him pursuant to CPLR 3211 (a) (4), or in the alternative, for an order pursuant to CPLR 602, consolidating the two actions. By order entered March 6, 1986, the Supreme Court, Richmond County (Kuffner, J.), in pertinent part, dismissed the second action as against Saul, granted consolidation, ordered that in the consolidated action, the infant was to be repre-

sented by the law firm retained by William Mullins, Sr., and directed that counsel for Maureen Mullins was to be relieved.

While the court properly exercised its discretion in ordering consolidation of the two actions commenced by the infant's parents (see, CPLR 602, 3211 [a] [4]), we find that modification of other provisions of the order is warranted. Although the court correctly dismissed the infant's cause of action which was asserted by his mother against Saul because this cause of action involved substantially the same parties, sought the same relief, and evolved from the same wrong as the cause of action previously asserted by the infant's father (see, Kent Dev. Co. v Liccione, 37 NY2d 899; 4 Weinstein-Korn-Miller, NY Civ Prac ¶¶ 3211.21, 3211.22), the court erred in dismissing the mother's derivative cause of action, since that cause of action involved a party not represented in the earlier action and sought relief which was not sought therein (see, Liebler v Our Lady of Victory Hosp., 43 AD2d 898). Accordingly, that branch of Saul's motion as sought dismissal of Maureen Mullins' derivative cause of action should have been denied. Moreover, attendant to the mother's right to assert a derivative cause of action is her right to be represented by an attorney of her own choice with respect to that cause of action. Thus, counsel for Maureen Mullins should have been relieved only with respect to his representation of the infant's claims. Similarly, we note that the father has a right to be represented by an attorney of his own choice with respect to his derivative cause of action.

However, while each parent had an independent right to commence an action on behalf of the infant (see, CPLR 1201), the record indicates that there are irreconcilable differences between the parents and their respective counsel as to the proper course to be pursued concerning the infant's causes of action. This acrimony is clearly detrimental to the proper representation of the infant's claims. Accordingly, the attorneys for William Mullins, Sr., are relieved with respect to their representation of the infant's claims and the matter is remitted to the Supreme Court, Richmond County, for the appointment of a guardian ad litem for the infant pursuant to CPLR 1202, who shall not be either parent or their respective attorneys. Further, the guardian ad litem shall have the authority to employ counsel to represent the infant with respect to the consolidated action. That counsel is to be other than the attorneys and the law firms that have previously appeared in these proceedings on behalf of the infant and his parents. The counsel selected by the guardian ad litem may

also represent the parents with respect to their derivative causes of action, if the parents choose to retain that counsel. If not, each parent may retain his or her own counsel. Mollen, P. J., Mangano, Brown and Lawrence, JJ., concur.