■ In the Matter of DGM PARTNERS-RYE, Appellant, v RYE CITY PLANNING COMMISSION, Respondent. PETER JAY HERITAGE COALITION et al., Intervenors-Respondents.—In a proceeding pursuant to CPLR article 78 to review a determination of the respondent Rye City Planning Commission dated June 17, 1987, which imposed certain conditions on final approval of the petitioner's subdivision plat, the petitioner appeals, as limited by its brief, from so much of an order of the Supreme Court, Westchester County (Wood, J.), dated October 16, 1987, as dismissed the petition to the extent that it sought annulment of conditions numbered 1 (b), 3, 4, 5, and 6.

Ordered that on the court's own motion, the petitioner's notice of appeal is treated as an application for leave to appeal, the application is referred to Justice Eiber, and leave to appeal is granted by Justice Eiber (see, CPLR 5701 [b] [1]); and it is further,

Ordered that the order is modified by deleting the provision thereof dismissing so much of the petition as sought annulment of conditions numbered 4 and 5; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The petitioner contends that the Rye City Planning Commission imposed invalid conditions on preliminary approval of its development plat for a 22-acre parcel which is a "[p]rotected site" under Rye's landmarks preservation statute (City of Rye Code § 117-5 [E] [2]). We find that the court properly dismissed so much of the petition as challenged the validity of conditions numbered 1 (b), 3 and 6 in order to curtail the multiplicity of lawsuits pending between the petitioner, the city and various city agencies involving this property (see, Kent Dev. Co. v Liccione, 37 NY2d 899; Mullins v Saul, 130 AD2d 634; CPLR 3211 [a] [4]). These three conditions are premised on the designation of the petitioner's property under the landmarks preservation statute. The extent to which the provisions of this statute apply to the petitioner's property will be resolved in other litigation pending between the petitioner and the city. However, the petition should not have been dismissed insofar as it challenged conditions numbered 4 and 5. These conditions relate to standards for restoration of protected structures on the property and the design of new

construction. The record does not establish that these issues will be resolved in other pending litigation between the parties. Brown, J. P., Eiber, Sullivan and Harwood, JJ., concur.