◼ DYLAN M., an Infant, by His Mother and Natural Guardian TALI T.B., Respondent, v SAMEH S. SEROUR et al., Defendants. KATSANDONIS, P.C., Nonparty Appellant. [46 NYS3d 65]—

Order, Supreme Court, New York County (Arlene P. Bluth, J.), entered December 14, 2015, which, to the extent appealed from as limited by the briefs, granted nonparty law firm's motion for a charging lien to the extent of awarding it quantum meruit compensation limited to prelitigation work, unanimously reversed, on the law, without costs, and the matter remanded to determine whether the firm's discharge was for cause.

Plaintiff mother, who had joint legal custody of the infant plaintiff pursuant to a judgment of divorce, had standing to retain counsel to bring the action on the infant's behalf (CPLR 1201; *Mullins v Saul*, 130 AD2d 634, 636 [2d Dept 1987]).

However, based on the conflicting affidavits and lack of contemporaneous documentary evidence, issues of fact exist concerning the firm's discharge. Accordingly, there is an issue whether the firm is entitled to quantum meruit compensation for litigation work, in whole or in part (*see Nabi v Sells*, 70 AD3d 252 [1st Dept 2009]). Concur—Friedman, J.P., Renwick, Saxe and Gische, JJ.