## 417 N Comanche St., LLC v EMRES II Tex, LLC

2024 NY Slip Op 33567(U)

October 7, 2024

Sup Ct, NY County

Docket Number: Index No. 651541/2024

Judge: Anar Rathod Patel

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK: COMMERCIAL DIVISION PART 45

-------------------------------------------------------------------------X

417 N COMANCHE STREET, LLC,

                              Plaintiff,

- v -

EMRES II TEXAS, LLC, EMET MUNICIPAL
REAL ESTATE STRATEGY II, LP, EMET
CAPITAL GP II, LLC, EMET CAPITAL
MANAGEMENT, LLC, PAUL SIEGEL, and RON
ZUVICH,

                              Defendants.

-------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 651541/2024 |
| **MOTION DATE** | 05/08/2024, 06/10/2024 |
| **MOTION SEQ. NOS.** | 001, 002 |

**DECISION + ORDER ON MOTIONS**

**HON. ANAR RATHOD PATEL**:

       The following e-filed documents, listed by NYSCEF document number (Motion No. 001) 11–20, 49–56, 65 were read on this motion to/for <u>DISMISS.</u>

       The following e-filed documents, listed by NYSCEF document number (Motion No. 002) 37–48, 57–64, 66 were read on this motion to/for <u>DISMISS.</u>

       Defendants EMRES II Texas, LLC ("EMRES"), EMET Municipal Real Estate Strategy II, LP ("EMET"), EMET Capital GP II, LLC ("EMET Capital"), EMET Capital Management, LLC ("EMET Management"), Paul Siegel ("Siegel"), and Ron Zuvich ("Zuvich") (collectively "Defendants") move to dismiss Plaintiff 417 Comanche Street, LLC's ("Plaintiff" or "Comanche") Complaint in its entirety pursuant to CPLR §§ 3211(a)(4), 3211(a)(5), and 3211(a)(7). For the reasons as set forth below, Defendants' Motions to Dismiss the Complaint are granted.

<u>**Relevant Factual and Procedural History**</u>

       This case arises from a dispute involving an apartment complex located in San Marcos, Texas ("Property") and a loan agreement relating to the Property ("Loan Agreement"). The Loan Agreement was entered into by two non-parties, Point San Marcos Partners, L.P. ("PSMP") and Simmons Bank, formerly Bank SNB, whereby Simmons Bank loaned PSMP $20 million to construct the Property ("Loan"). NYSCEF Doc. No. 14 (Pl.'s Compl.)[1] at ¶ 1; NYSCEF Doc. No. 20 (Loan Agreement). Plaintiff Comanche alleges that PSMP was in default on the Loan

---

[1] Plaintiff's Complaint was filed as NYSCEF Doc. No. 14 in Motion Sequence 001 and NYSCEF Doc. No. 39 in Motion Sequence 002. Accordingly, citations to NYSCEF Doc. No. 14, can be found at NYSCEF Doc. No. 39.

Agreement since July 2017. NYSCEF Doc. No. 14 at ¶ 2. In June 2020, Simmons Bank accelerated the loan such that the full amount of the loan balance became due and payable. *Id.*

In October 2020, PSMP entered into a purchase and sale agreement with Defendant EMET, a Delaware limited liability company, in which EMET agreed to purchase the Property ("EMET Purchase Agreement") with a scheduled closing date of November 30, 2020. *Id.*; NYSCEF Doc. No. 15 (EMRES Verified Original Pet. and Appl. for TI)[2] at ¶ 21. In December 2020, Defendant EMET assigned the EMET Purchase Agreement to Defendant EMRES, also a Delaware limited liability company. NYSCEF Doc. No. 14 at ¶ 3. Defendant Paul Siegel is President of Defendants EMRES and EMET Capital and Managing Principal of Defendant EMET Management, both are Delaware limited liability companies. *Id.* at ¶ 7. Defendant Ron Zuvich is a Director of Defendant EMET Management. *Id.* at ¶ 16.

In November 2020, Plaintiff Comanche, a Delaware limited liability company, purchased the Loan Agreement from Simmons Bank. *Id* at ¶ 4. Upon acquiring the Loan, Plaintiff posted the Property for a non-judicial foreclosure sale set to occur on December 1, 2020. NYSCEF Doc. 15 at ¶ 24. On November 12, 2020, Plaintiff provided PSMP with a payoff amount for the Loan in the event that sale of the Property to Defendant EMRES occurred, which included default interest on the Loan of more than $1,660,000. *Id.* at ¶ 25. PSMP objected to the amount of default interest claimed by Plaintiff. NYSCEF Doc. No. 14 at ¶ 4. In light of the foregoing, PSMP and Defendant EMRES were unable to close on the EMRES Purchase Agreement and extended the closing deadline to December 10, 2020. NYSCEF Doc. No. 15 at ¶¶ 27, 28. Plaintiff then sought another non-judicial foreclosure sale set to occur on January 5, 2021. *Id.* at ¶ 30.

*Hays County Action*

On December 30, 2020, PSMP obtained a temporary injunction from the Hays County District Court in Texas preventing the foreclosure sale. *Id.* at ¶ 31. Pursuant to a subsequent order of the court, the temporary injunction was set to expire on April 6, 2021. *Id.* at ¶ 32; NYSCEF Doc. No. 14 at ¶ 5. On March 12, 2021, Plaintiff Comanche posted the Property for a non-judicial foreclosure sale to occur on April 6, 2021. NYSCEF Doc. No. 15 at ¶ 33. On March 26, 2021, Defendant EMRES commenced an action against Plaintiff Comanche and PSMP in Hays County District Court for tortious interference with contract (*i.e.*, the EMRES Purchase Agreement) and breach of contract. NYSCEF Doc. No. 14 at ¶ 5; NYSCEF Doc. No. 15 at ¶¶ 35–44. Plaintiff alleges that the "sole basis for EMRES's claim was that 417 Comanche allegedly was not entitled to charge default interest under the Loan Agreement and that the only reason the sale to EMRES allegedly did not close was because 417 Comanche wrongfully included default interest in the payoff amount." NYSCEF Doc. No. 14 at ¶ 5.

On May 28, 2021, the Hays County District Court entered a temporary injunction in favor of Defendant EMRES, enjoining Plaintiff Comanche from foreclosing on the Property. NYSCEF Doc. 16 (Order granting EMRES's Application for TI). This temporary injunction remains in effect as the Hays County District Court denied Plaintiff Comanche's motion to dissolve the

---

[2] Defendants' Verified Petition for Temporary Injunction was filed under NYSCEF Doc. No. 15 for Motion Sequence 001, and NYSCEF Doc. No. 40 for Motion Sequence 002.

651541/417 N COMANCHE STREET, LLC v. EMRES II TEXAS, LLC et al
Motion Nos. 001, 002

temporary injunction on April 2, 2024. NYSCEF Doc. No. 19 (Order Denying 471 N. Comanche Motion to Dissolve TI).[3]

*Travis County Action*

Meanwhile, in Travis County, Texas, PSMP and Plaintiff Comanche litigated whether Plaintiff Comanche was entitled to charge default interest under the Loan Agreement. NYSCEF Doc. No. 14 at ¶ 29; *see also N Comanche St., LLC v. Haug*, No. 03-22-00167-CV, 2024 WL 201965 (Tex. App. Jan. 19, 2024). In March 2022, the Travis County court entered summary judgment in favor of PSMP, holding that Plaintiff Comanche was not entitled to charge default interest. NYSCEF Doc. No. 14. at ¶ 30. Plaintiff Comanche appealed the Travis County court's ruling, and, on January 19, 2024, the Texas Third Circuit Court of Appeals reversed the Travis County court's summary judgment ruling, holding that because neither Plaintiff Comanche nor its predecessor waived the right to collect default interest, Plaintiff Comanche remained entitled to collect default interest. *Id.* at ¶¶ 30–32. In June 2024, PSMP filed a petition for review with the Texas Supreme Court. NYSCEF Doc. 42 (Pet. for Review). As of the date of this Decision and Order, the Court is unaware of any action taken by the Texas Supreme Court.

*New York Action*

Plaintiff commenced the present action by the filing of a Summons and Complaint on March 25, 2024, in New York State Supreme Court. Plaintiff alleges that Defendants tortiously interfered with the Loan Agreement between Plaintiff Comanche and PSMP by entering into the EMET Purchase Agreement. NYSCEF Doc. No. 14 at ¶¶ 33–38. In doing so, Defendants induced PSMP to breach a provision of the Loan Agreement that requires prior written consent of the lender for a sale of the Property. *Id.* at ¶ 36. As further evidence of Defendants' tortious interference with contract, Plaintiff alleges that Defendants commenced the Hays County action against Plaintiff Comanche and PSMP and secured the temporary injunction to willfully interfere with the Loan Agreement. *Id.* at ¶ 37. Plaintiffs argue that Defendants' purported reason for initiating the Hays County action—that Plaintiff Comanche was not entitled to charge the default interest rate— was without merit. *Id.* at ¶ 40. As discussed *supra*, Plaintiff's entitlement to charge default interest pursuant to the Loan Agreement is being litigated in the Travis County action.

*Defendants' Motions to Dismiss*

On May 8, 2024, Defendant Siegel filed his motion to dismiss the Complaint (Motion Sequence 001). On June 6, 2024, Defendants EMRES, EMET, EMET Capital, EMET Capital Management, and Ron Zuvich filed a separate motion to dismiss the Complaint (Motion Sequence 002). Defendants EMRES, EMET, EMET Capital, EMET Capital Management, and Ron Zuvich's motion to dismiss mirrors that of Defendant Paul Siegel. *Compare* NYSCEF Doc. No. 12 *with* NYSCEF Doc. No. 48. Defendants argue that this matter should be dismissed because Plaintiff has failed to allege that Defendants intentionally and improperly induced a breach of the Loan Agreement, an element required under CPLR § 3211(a)(7). NYSCEF Doc. Nos. 12, 48

---

[3] This Document exists under NYSCEF Doc. No. 19 in Motion Sequence 001 and NYSCEF Doc. No. 45 in Motion Sequence 002.

651541/417 N COMANCHE STREET, LLC v. EMRES II TEXAS, LLC et al
Motion Nos. 001, 002

(Defs.' Mem. of Law). Defendants further argue that Plaintiff's claims should be dismissed under CPLR § 3211(a)(5) as exceeding CPLR § 214(4)'s three-year statute of limitations on claims for tortious interference. *Id.* Finally, Defendants collectively argue that this matter should be dismissed pursuant to CPLR § 3211(a)(4) because the Complaint is duplicative of claims asserted and litigated in the Hays County action. *Id.*

## Legal Discussion

The principal issue presented is whether the instant action should be dismissed under CPLR § 3211(a)(4) on the grounds that it is duplicative of related proceedings pending in Hays County and Travis County, Texas.[4] Specifically, the Court must determine whether the New York action, which involves allegations of tortious interference, substantially overlaps with the claims and parties in the ongoing Texas actions. If such overlap exists, the Court must then decide whether dismissal is warranted to avoid duplicative litigation and incongruous outcomes. Perhaps even more pronounced, however, is that if this case were to proceed in New York, final resolution necessarily requires that this Court opine on the propriety of the Hays County action—*i.e.*, whether the temporary injunction obtained from the Hays County District Court (one that remains in effect today) constitutes tortious interference with contract.

CPLR § 3211(a)(4) grants courts broad discretion to dismiss an action when "there is another action pending between the same parties for the same cause of action in a court of any state or the United States." *See Whitney v. Whitney*, 440 N.E.2d 1324, 1324 (N.Y. 1982). In considering dismissal under this rule, courts evaluate whether: (1) there is substantial identity of the parties, (2) the allegations are sufficiently similar, and (3) the relief sought in both actions are substantially the same. *See, e.g., Syncora Guarantee Inc. v. J.P. Morgan Sec. LLC*, 110 A.D.3d 87, 96 (1st Dept. 2013) (holding that actions arising out of the same transaction, involving the same allegations, and seeking the same recovery for the same alleged injuries warrant dismissal under CPLR § 3211(a)(4)); *Jaber v. Elayyan*, 93 N.Y.S.3d 315 (2d Dept. 2019). Courts weigh these factors while considering principles of judicial economy, comity, and the avoidance of inconsistent judgments. *White Light Prods., Inc. v. On the Scene Prods., Inc.*, 231 A.D.2d 90, 96 (1st Dept. 1997).

Defendants argue that the New York action is duplicative of the Hays County and Travis County actions, which involve common parties, address the same underlying facts and issues (*i.e.*, whether the balance on the Loan appropriately includes default interest and whether parties have engaged in tortious interference as to the underlying contracts). NYSCEF Doc. No. 48 at 11 (chart comparing claims in New York and Hays County actions). Defendants further contend that the relief sought in both actions is substantially the same, as both cases involve damages resulting from Defendant EMRES's alleged interference with Plaintiff Comanche's rights under the Loan Agreement. NYSCEF Doc. No. 65 (Defs.' Reply) at 7. Defendants emphasize that in both actions,

---

[4] As is evident by the parties' recitation of facts and memoranda of law, the Hays County and Travis County actions arise out of the same set of facts and alleged wrongdoings although the relief sought in each action is different. For purposes of this Decision and Order, the Court may refer to the actions collectively given they arise from the same set of facts, and the posture and outcomes of the Travis County action may have bearing upon the Hays County action. *See, e.g.*, NYSCEF Doc. No. 43 (417 N Comanche's Mot. to Dissolve Inj.).

**651541/417 N COMANCHE STREET, LLC v. EMRES II TEXAS, LLC et al**
**Motion Nos. 001, 002**

[* 4]

the principal dispute concerns the temporary injunction Defendant EMRES obtained in Texas, which allegedly interfered with Plaintiff Comanche's ability to foreclose on the Property.

By contrast, Plaintiff argues that the New York action is distinct from the Texas proceedings. Plaintiff argues that this action includes additional defendants: Defendants Siegel and Zuvich, and additional entities related to Defendant EMRES. NYSCEF Doc. No. 14 at ¶¶ 11–16. Plaintiff asserts that the Hays County action focuses on its recovery of the bond amount against Defendant EMRES, while the New York action encompasses broader claims of tortious interference with the Loan Agreement by all Defendants, not just Defendant EMRES. *Id.* at ¶¶ 28-29. Plaintiff also argues that the New York and Texas actions involve different forms of relief. In the Hays County action, Plaintiff Comanche now asserts a right to recover the injunction bond posted by Defendant EMRES. NYSCEF Doc. No. 56 (Pl.'s Opp'n) at 16, 18. In the New York action, Plaintiff seeks actual damages for tortious interference. *Id.*

*Substantial Identity of Parties*

Complete identity of the parties is not required for dismissal under CPLR § 3211(a)(4); it is sufficient if there is "substantial identity. *JPMorgan Chase Bank, N.A. v. Luxama*, 172 A.D.3d 1341, 1342 (2d Dept. 2019) (finding that the substantial identity of parties is met when key litigants overlap, even if the specific defendants in one case are not identical to those in the other). Substantial identity is generally "present when at least one plaintiff and one defendant is common in each action….", Morgulas *v. J. Yudell Realty, Inc.*, 554 N.Y.S.2d 597, 599 (1st Dept. 1990), and even if additional parties are named in one of the actions, *JPMorgan Chase Bank, N.A.I*, 172 A.D.3d at 1342. Similarly, in *Kent Dev. Co. v. Liccione*, the Court of Appeals explained that the presence of additional parties in one action does not preclude dismissal under CPLR § 3211(a)(4) as long as both cases arise from the same transaction or series of events. 37 N.Y.2d 899, 901 (1975).

Although the New York action includes additional defendants, these parties are related to Defendant EMRES, *see* NYSCEF Doc. No. 14 at ¶¶ 11–16, and derive their involvement in the action from the same set of facts surrounding the Property, the Loan Agreement, and the Purchase and Sale Agreement. In fact, the Complaint pleads that Defendants are acting in concert and/or responsible for the same act of interference by facilitating or benefiting from the temporary injunction that Defendant EMRES obtained in Texas. *See, e.g., id.* at ¶¶ 7, 8.

As in *Kent Dev. Co.*, where the presence of additional parties did not preclude dismissal where the actions arose from the same transaction, the core issue in both the New York and Texas actions remains whether Defendant EMRES wrongfully interfered with Plaintiff Comanche's foreclosure process by securing the temporary injunction. 37 N.Y.2d at 901 ("The joinder of an additional defendant, in itself, need not result in the defeat of such a motion, nor will the mere fact that a plaintiff in an action under consideration is a defendant in litigation previously commenced."). The fact that related entities are named in the New York action does not transform the fundamental nature of the litigation.

651541/417 N COMANCHE STREET, LLC v. EMRES II TEXAS, LLC et al
Motion Nos. 001, 002

*Substantial Similarity of Causes of Action*

Under CPLR § 3211(a)(4), dismissal is appropriate where the actions are sufficiently similar, meaning they arise from the same transactional facts, even if different legal theories are presented. *Jadron v. 10 Leonard St., LLC*, 2 N.Y.S.3d 563, 565 (2d Dept. 2015) ("The critical element is whether both suits arise out of the same subject matter or series of alleged wrongs."). Further, as the court held in *White Light Prods., Inc.*, an action may be dismissed where both cases are grounded in the same facts and underlying dispute, even if one case presents a tort claim and the other addresses a different legal theory such as breach of contract or injunctive relief. 231 A.D.2d at 96; *see also JC Mfg., Inc. v. NPI Elec., Inc.*, 178 A.D.2d 505, 506 (2d Dept. 1991) (holding that cases arising from the same contractual agreements and actionable wrongs are sufficiently similar for dismissal under CPLR § 3211(a)(4)).

Here, as is evident from the respective pleadings, the claims in the New York and Texas actions arise from the same set of facts surrounding the Loan Agreement, Purchase and Sale Agreement, attempted foreclosure sale, and the temporary injunction preventing such sale of the Property. *Compare* NYSCEF Doc. No. 14 *with* NYSCEF Doc. No. 15; *see also* NYSCEF Doc. No. 65 (Defs' Reply) at 6. Although Plaintiff Comanche contends that the New York action is broader because it includes a claim for tortious interference, which encompasses damages beyond the bond amount, the Court cannot ignore the manifest overlap of the facts and issues that give rise to the claims in the Texas and New York actions.

*Substantial Similarity of Relief Sought*

Dismissal under CPLR § 3211(a)(4) is appropriate where the relief sought in both actions is substantially the same, even if one action seeks broader relief. Further, where the relief sought in both actions arises from the same alleged wrong, dismissal is warranted despite differences in the scope of damages or remedies requested provided that the relief sought is not "antagonistic or inconsistent." *White Light Prods., Inc.*, 231 A.D.2d at 94 (internal citation omitted). The court's primary concern is whether the nature of the relief in both actions is fundamentally aimed at addressing the same injury or harm, not whether the monetary amounts or types of damages are identical. Further, "[a] difference in the characterization of damages does not create 'in and of itself, a substantial difference between the actions.'" *White Light Prods., Inc.*, 231 A.D.2d at 94.

As discussed *supra*, Plaintiff Comanche seeks relief for damages arising from the same alleged wrongful conduct by Defendant EMRES. NYSCEF Doc. No. 15 at ¶¶ 31–32; NYSCEF Doc. No. 14 at ¶¶ 52–53. However, the forms of relief differ in scope: in the Texas action, Plaintiff Comanche is seeking to recover on the injunction bond posted by Defendant EMRES, which would cover damages for the period during which the temporary injunction was in place. NYSCEF Doc. No. 15 at ¶¶ 29–32. By contrast, in the New York action, Plaintiff Comanche is pursuing a broader range of compensatory and punitive damages for tortious interference, arguing that Defendant EMRES's conduct caused ongoing financial harm. NYSCEF Doc. No. 14 at ¶ 53. Nevertheless, both actions ultimately seek to recover losses stemming from the same set of facts and alleged harms. Further, the relief sought in the Texas action is not antagonistic or inconsistent with the relief sought in the New York action.

*Judicial Economy and Comity*

In considering dismissal under CPLR § 3211(a)(4), courts may also weigh the principles of judicial economy and comity. *See White Light*, 231 A.D.2d at 96 ("In the interest of judicial economy, the question is which court should defer, as a matter of comity, to the other in order to avoid vexatious litigation and duplication of effort, with the attendant risk of divergent rulings on similar issues."). Allowing the New York action to proceed while the Texas action is pending would result in duplicative litigation, potentially lead to inconsistent outcomes, and require that this Court analyze and opine on the propriety and rulings of the Hays County District Court in granting the temporary injunction against Plaintiff Comanche and extending said temporary injunction—by denying Plaintiff Comanche's Motion to Dissolve the Temporary Injunction—despite the ruling of the Texas Third Circuit Court of Appeals as related to the Travis County action. *See* NYSCEF Doc. Nos. 45 (Order Denying Plaintiff Comanche's Motion to Dissolve TI), 48 at 8. Allowing the New York action to proceed undermines the principles of comity and judicial efficiency, which favor deferring to the court that first assumed jurisdiction over the matter.

## **Conclusion**

For the reasons set forth herein, Defendants' Motion to Dismiss the Complaint pursuant to CPLR § 3211(a)(4) is granted. This Decision and Order will not address Defendants' remaining arguments to dismiss the Complaint pursuant to CPLR §§ 3211(a)(5) and 3211(a)(7)—whether Plaintiff has sufficiently plead a claim for tortious interference as to breach of the Loan Agreement between PSMP and Plaintiff Comanche and whether Plaintiff's claim for tortious interference is time-barred—as they are inextricable with and overlap with the substantive issues being litigated in the Hays County action and therefore, appropriately addressed in that action.

Accordingly, it is hereby

**ORDERED** that Defendants' Motions to Dismiss the Complaint in its entirety is GRANTED.

**October 7, 2024**
**DATE**

CHECK ONE:

| | | | | |
|---|---|---|---|---|
| [X] CASE DISPOSED | | | [ ] NON-FINAL DISPOSITION | |
| [X] GRANTED | [ ] DENIED | | [ ] GRANTED IN PART | [ ] OTHER |

APPLICATION:    [ ] SETTLE ORDER      [ ] SUBMIT ORDER

CHECK IF APPROPRIATE:    [ ] INCLUDES TRANSFER/REASSIGN      [ ] FIDUCIARY APPOINTMENT      [ ] REFERENCE

**651541/417 N COMANCHE STREET, LLC v. EMRES II TEXAS, LLC et al
Motion Nos. 001, 002**

[* 7]