■ MARIE D. WALSH, Appellant, v GOLDMAN SACHS & Co., Respondent.—Order of the Supreme Court, New York County (Walter Schackman, J.), entered October 22, 1991, is dismissed as subsumed in the judgment, without costs or disbursements. Judgment of the same Court and Justice, entered November 1, 1991, which dismissed plaintiff's complaint pursuant to CPLR 3211 (a) (4), is unanimously reversed, on the law and facts, and in the exercise of discretion, to reinstate the complaint, without costs or disbursements, and the matter remanded for further proceedings in accordance with the following.

Upon her termination by defendant, plaintiff brought an action in the Federal District Court for alleged violation of the Age Discrimination in Employment Act (ADEA). After dismissal of her complaint to the State Division of Human Rights on the ground of administrative convenience, plaintiff began the instant action alleging violation of her rights under section 296 of the Executive Law of the State of New York and seeking compensatory damages including damages for personal injury and pain and suffering plus punitive damages.

The IAS Court granted defendant's motion to dismiss the complaint pursuant to CPLR 3211 (a) (4) on the ground that "there is a prior action pending" which is "based on the same issue, i.e., age discrimination". We find that this dismissal was in error and therefore reverse and reinstate the complaint.

CPLR 3211 (a) (4) provides that "[a] party may move for judgment dismissing one or more causes of action asserted against him on the ground that * * * (4) there is another action pending between the same parties for the same cause of

action in a court of any state or the United States; the court need not dismiss upon this ground but may make such order as justice requires."

While the court is vested with broad discretion in determining such a motion (see, *Whitney v Whitney*, 57 NY2d 731), the IAS Court wrongly concluded it was compelled to dismiss on the basis of the pending Federal action and incorrectly determined that because there was a common issue, i.e., age discrimination, that the causes of action were the same. In *Kent Dev. Co. v Liccione* (45 AD2d 965, *revd* 37 NY2d 899), the Appellate Division had dismissed a complaint as to a defendant Gnerre holding that there was another action pending between the same parties which had been previously instituted by one Gnerre. The Court of Appeals reversed, stating: "Although the causes of action in both suits arise out of the same subject matter or series of alleged wrongs, there is good reason for the separate existence of the earlier cause of action asserted by Gnerre apart from those asserted against him in the instant action, since the nature of the relief sought is not the same or substantially the same [citations omitted]" (*supra*, at 901).

In the instant case, different statutes are involved; in the Federal court, the ADEA, and in the State court, the Human Rights Law. In addition, the relief plaintiff seeks in the Federal action does not include compensatory damages for personal injuries, which are permitted pursuant to the New York Human Rights Law (see, *Matter of Consolidated Edison Co. v New York State Div. of Human Rights*, 77 NY2d 411, 420-421).

The defendant asserts that plaintiff was required to assert her personal injury claim as a pendent State claim in the Federal action. However, while Federal District Courts *may* exercise jurisdiction over pendent State claims, claimants whose State Division of Human Rights claims have been dismissed for administrative convenience, may raise such claims in either Federal or State courts (see, Executive Law § 297 [9]; *Promisel v First Am. Artificial Flowers*, 943 F2d 251, 257).

We note that defendant moved for the alternative relief of staying the action herein pending arbitration of the claims. However, in view of the fact that the circumstances attending plaintiff's agreement to arbitrate, and the effect and present posture of the arbitration proceeding concerning the Federal claims have not been fully explored, we remand to the IAS

Court for determination of these and other issues which the parties may raise. Concur—Ellerin, J. P., Kupferman, Ross, Asch and Kassal JJ.