[660 NYS2d 568]

WHITE LIGHT PRODUCTIONS, INC., et al., Appellants, v ON THE SCENE PRODUCTIONS, INC., et al., Respondents.

First Department, July 17, 1997

### APPEARANCES OF COUNSEL

*Gerald E. Singleton* of counsel, New York City (*Frankfurt, Garbus, Klein & Selz, P. C.*, attorneys), for appellants.

*Cathy Fleming* of counsel, New York City (*Fleming, Roth & Fettweis*, attorneys), for On The Scene Productions/New York and others, respondents.

### OPINION OF THE COURT

RUBIN, J.

This dispute arises out of the operation of a general partnership formed under the laws of the State of California between On The Scene Productions, Inc., a California corporation, and White Light Productions, Inc., a New Jersey corporation. The shares of White Light Productions are wholly owned by the individual plaintiff Mark Haefeli, a resident of New Jersey, and the shares of On The Scene Productions are similarly owned by the individual defendants Sally Jewitt and Stacie Hunt, both residents of California. On The Scene Productions, Inc. made a capital contribution of $100,000, and White Light Productions, Inc. made a capital contribution of $50,000 to the partnership, named On The Scene Productions/NY (OTSP/ NY). The partnership agreement states that its purpose is "to engage in the business of electronic publicity and to provide partnership clientele with live or taped television and radio productions." The complaint elaborates that it was the partners' intention to provide services to clients located in New York similar to those provided by On The Scene Productions to its California clients, namely multimedia, video and film production services.

In furtherance of the partnership's business, OTSP/NY maintained an office at 475 Park Avenue South in New York City. Plaintiff Haefeli performed the day-to-day functions of OTSP/NY in New York, while defendants Hunt and Jewitt maintained OTSP/NY's books and records, collected its receivables, and paid its bills from the partnership's principal place of business, located at 5900 Wilshire Boulevard, Los Angeles, California. In her affidavit in support of the motion to dismiss the complaint, Ms. Jewitt states that she periodically traveled "to New York to meet with the plaintiff, Mark Haefeli, in or-

der to discuss the operation of the partnership. However, all decisions required to be made by the partnership, as set forth in the partnership agreement, were made by declarant and Stacie Hunt in Los Angeles, California."

According to the affidavit of Mark Haefeli, "The business of OTSP/NY and the partnership between the parties came to an abrupt end on or about November 13, 1995, when defendant [On the Scene Productions, Inc.], acting through defendants Sally Jewitt and Stacie Hunt, locked me out of the offices of OTSP/NY and notified White Light Productions, Inc. in writing that the partnership had been terminated." The complaint in this matter charges that defendants breached their agreement by wrongfully terminating the partnership and by failing to account for the capital contribution made by White Light Productions and for its share of the partnership's profits; that the individual defendants breached their fiduciary duty to plaintiffs by failing to keep accurate accounts; that the individual defendants retained various items of personal property belonging to Mr. Haefeli; that they are engaging in unfair competition by continuing to transact business as OTSP/NY, using awards that he won to solicit customers; and that they are interfering with plaintiffs' contractual relations with clients. The complaint seeks monetary damages, an accounting and imposition of a constructive trust on revenues received by defendants on behalf of OTSP/NY.

While there is no suggestion that this action was improperly commenced, the record does not disclose when the summons with notice was filed in the Supreme Court Clerk's office (CPLR 304). Service was made upon defendant partners on February 12 and February 15, 1996, and defendants served plaintiffs with a demand for the complaint on April 1, 1996.

In the meantime, defendants instituted their own action by filing a complaint in Superior Court, Los Angeles County, California, on November 22, 1995. Service in that action was not effected on Mr. Haefeli until March 29, 1996, and White Light Productions has contested the service allegedly made upon it on April 2, 1996. The complaint in the California action similarly charges wrongful termination of the partnership and breach of fiduciary duty. It seeks dissolution of the partnership, an accounting, "consequential and incidental" monetary damages and injunctive relief.

By motion dated May 7, 1996, defendants sought to dismiss the complaint in this action on the ground that there is another action pending in California (CPLR 3211 [a] [4]) and that

this Court lacks jurisdiction over the individual defendants or, in the alternative, to dismiss or stay the action on the ground of forum non conveniens (CPLR 327). Shortly thereafter, White Light Productions filed a motion in California Superior Court, dated June 11, 1996, to stay or dismiss that action.

Supreme Court granted the motion and dismissed the complaint in the exercise of discretion on the ground that another action is pending between the same parties for the same cause of action. The court found that the California action was commenced pursuant to section 411.10 of the California Code of Civil Procedure by filing the summons and complaint in the Superior Court. It noted that the motion to dismiss is predicated on a first-in-time defense in which the first action commenced is accorded priority, with exceptions being limited almost exclusively to situations in which the filing of the respective actions is virtually simultaneous. The court also noted that, by order dated June 11, 1996, the Superior Court, Los Angeles County, stayed the action before it pending resolution of this motion.

At issue on appeal is whether the priority of the California and New York actions should be determined by the date on which they were filed or by the date on which service was effected. Also raised are the questions of whether there is sufficient similarity of the actions to render the instant matter an action "between the same parties for the same cause of action" (CPLR 3211 [a] [4]) and whether, "in the interest of substantial justice" and convenience of the parties, this action should be heard in California (CPLR 327 [a]). The alternative grounds for relief are appropriate because, in deciding a motion to dismiss based on the pendency of another action, the analysis is similar to that employed in entertaining a motion predicated on forum non conveniens (*Flintkote Co. v American Mut. Liab. Ins. Co.*, 103 AD2d 501, 506, *affd* 67 NY2d 857). However, where another action is pending, a major concern, as a matter of comity, is to avoid the potential for conflicts that might result from rulings issued by courts of concurrent jurisdiction (*see, State of New York v Thwaites Place Assocs.*, 155 AD2d 3, 7, citing *Pennsylvania v Williams*, 294 US 176; *see also, Pacesetter Sys. v Medtronic, Inc.*, 678 F2d 93, 96, n 3 [9th Cir 1982]; *Product Eng'g & Mfg. v Barnes*, 424 F2d 42, 44 [10th Cir 1970]).

In order to reach this issue, it is necessary that there be sufficient identity as to both the parties and the causes of action asserted in the respective actions (*Walsh v Goldman Sachs & Co.*, 185 AD2d 748, 749). With respect to the parties, the

requirement is that there be substantial identity (*Case Capital Corp. v Morgan Invs.*, 154 AD2d 501, citing *Barringer v Zgoda*, 91 AD2d 811; Siegel, NY Prac § 262, at 391 [2d ed]). The instant action names the individual defendants Jewitt and Hunt together with On The Scene Productions, Inc., the corporate partner controlled by them, as parties defendant, whereas the California action was instituted in the name of the corporate partner alone. The presence of additional parties, however, will not necessarily defeat a motion pursuant to CPLR 3211 (a) (4) where, as here, "both suits arise out of the same subject matter or series of alleged wrongs" (*Kent Dev. Co. v Liccione*, 37 NY2d 899, 901).

With respect to the subject of the actions, the relief sought must be "the same or substantially the same" (*supra*, at 901; Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3211:15, at 26-27). This criterion is lacking where "the relief demanded is antagonistic and inconsistent" (*Arred Enters. Corp. v Indemnity Ins. Co.*, 108 AD2d 624, 627) or "[t]he purposes of the two actions are entirely different" (*supra*, at 627; *see also, Matter of Sullivan*, 289 NY 323, 325-326 [suit brought in individual and representative capacities, respectively]; *Alpert v 28 Williams St. Corp.*, 63 NY2d 557, 568, n 4 [same]). A difference in the characterization of damages does not create "in and of itself, a substantial difference between the actions" (*Stanley Elec. Serv. v City of New York*, 26 AD2d 951, *lv dismissed* 19 NY2d 629).

As noted previously, both actions assert wrongful termination of the partnership and breach of fiduciary duty and seek, as relief, an accounting and dissolution of the partnership together with consequential and incidental monetary damages. With respect to the additional relief sought by plaintiffs in this action, it has not been demonstrated, either under the laws of this State or those of California, that the imposition of a constructive trust would not merely be redundant in view of the statutory relief available to a partner of a dissolved partnership (*see, e.g., Meinhard v Salmon*, 249 NY 458, 470-471; *Davis v Horan*, 237 App Div 761, 762 ["While dissolutions and an accounting may be had in equity, the parties may deem it a simpler remedy to have recourse to the Partnership Law"]). On this point, it should also be noted that the constructive trust is sought with respect to defendants' conduct following the giving of notice terminating the partnership. As termination ends the fiduciary relationship between partners (*Matter of Silverberg [Schwartz]*, 81 AD2d 640, 641) and a constructive

trust is "the remedial device through which preference of self is made subordinate to loyalty to others" (*Meinhard v Salmon, supra*, at 467), it is not clear that such a remedy is even available. Finally, the individual plaintiff has not shown why the California court could not accord him complete relief on his cause of action based upon the wrongful retention of nonpartnership property, asserted herein as a cause of action sounding in conversion. Plaintiffs have therefore failed to show that the relief sought in the two actions is not substantially the same.

Plaintiffs' principal contention is that California law requires priority of the actions to be determined by the order of service, citing *Mungia v Superior Ct.* (225 Cal App 2d 280, 283, 37 Cal Rptr 285, 287), *Robinson v Superior Ct.* (203 Cal App 2d 263, 267, 21 Cal Rptr 475, 478) and *Burch v Slamin* (137 Cal App 2d 1, 289 P2d 498). However, these cases involve priority between two California courts of coordinate jurisdiction and have no application to priority between a California court and a foreign tribunal (*Leadford v Leadford*, 6 Cal App 4th 571, 574, 8 Cal Rptr 2d 9, 12 [1992], citing *Simmons v Superior Ct.*, 96 Cal App 2d 119, 123, 214 P2d 844, 848 [1950]). In *Leadford*, the court stated, "Where, as here, the actions are pending in courts of different states, the determination whether to stay the later-filed action is discretionary, not mandatory" (*supra*, 6 Cal App 4th, at 574, 8 Cal Rptr 2d, at 12). The court went on to state that, in determining the issue, pertinent considerations include comity, the prevention of multiple and vexatious litigation, judicial economy, the interests of the forum, and the convenience of the parties (*supra*).

Defendants' position recognizes that the inquiry involved in deciding a motion predicated on CPLR 3211 (a) (4) "is similar to that undertaken in applying the doctrine of *forum non conveniens*—whether the litigation and the parties have sufficient contact with this State to justify the burdens imposed on our judicial system" (*Flintkote Co. v American Mut. Liab. Ins. Co., supra*, at 506). They argue that Supreme Court properly exercised its discretion in dismissing the action in favor of the pending California action on forum non conveniens grounds. They note that "neither plaintiffs nor defendants are New York citizens, nor is any headquartered in New York, the acts are alleged to have occurred outside New York, records of the partnership and witnesses are located outside New York, the case must be governed by California law, and the activities of the partnership occurred outside New York." They assert that this action was filed almost three months after the California

action and that the circumstances do not warrant divergence from the first-in-time rule (*see, Seaboard Sur. Co. v Gillette Co.*, 75 AD2d 525 [actions filed "almost simultaneously"]; *Hertz Corp. v Luken*, 126 AD2d 446, 450 ["virtually simultaneous"]).

It should be emphasized that the primary concern in this situation is not which court has jurisdiction or even which court should hear the dispute. The parties are properly subject to the jurisdiction of the courts of both New York and California. In the interest of judicial economy, the question is which court should defer, as a matter of comity, to the other in order to avoid vexatious litigation and duplication of effort, with the attendant risk of divergent rulings on similar issues. The Superior Court of Los Angeles County has before it a motion by plaintiffs herein to dismiss the California action, which the court has stayed pending a decision by the courts of this State.

Plaintiffs' argument that this Court should look to the service of the summons rather than the filing of the action for the purpose of deciding which action was "commenced" first has both a superficial appeal and a good deal of older case law to support it (*see, Kevorkian v Harrington*, 158 Misc 2d 464, 467, and cases cited therein). However, it is clear that, with the passage of the 1992 amendment to CPLR 304 providing for the commencement of actions by filing the pleadings with the clerk of the court (L 1992, ch 216, § 4), the timeliness of an action is to be measured by the date of filing (CPLR 203 [c] [1]). In considering whether service is necessary to establish priority of an action, the Federal courts have reached the conclusion that it is established by filing alone (*see, Pacesetter Sys. v Medtronic, Inc.*, 678 F2d 93, 96, n 3, *supra, Moore Co. v Richardson Carbon & Gasoline Co.*, 347 F2d 921, 923 [8th Cir 1965], *cert denied* 383 US 925 [1966]).

As a matter of New York policy, the rule has been stated that " 'proceedings begun in another State should not be interfered with unless there is some necessity clearly shown * * *. Generally the court which has first taken jurisdiction is the one in which the matter should be determined and it is a violation of the rules of comity to interfere' " (*City Trade & Indus. v New Cent. Jute Mills Co.*, 25 NY2d 49, 58, quoting *Hamilton & Co. v American Home Assur. Co.*, 21 AD2d 500, 506 [Steuer, J., dissenting], *affd* 15 NY2d 595). Special circumstances warrant deviation from the general rule, "if the action sought to be restrained is vexatious, oppressive or instituted to obtain some unjust or inequitable advantage" (*Hamilton & Co. v American Home Assur. Co., supra*, at 507). The Federal courts

similarly follow the "first-filed rule", meaning that "the court which first has possession of the subject must decide it * * * This policy is based on principles of equity and comity, and empowers a trial judge to exercise his or her discretion and dismiss an action, where an action involving the same issues between the same parties is already pending in another forum" (*Moore Corp. v Wallace Computer Servs.*, 898 F Supp 1089, 1098-1099 [D Del 1995]). However, "[t]he practice of determining priorities between pending actions on the basis of dates of filing is a general rule, not to be applied in a mechanical way, regardless of other considerations" (*Brierwood Shoe Corp. v Sears, Roebuck & Co.*, 479 F Supp 563, 568 [SD NY 1979], citing *Hammett v Warner Bros. Pictures*, 176 F2d 145, 150 [2d Cir 1949]; *Equal Empl. Opportunity Commn. v University of Pa.*, 850 F2d 969, 971-972 [3d Cir 1988], *cert granted in part* 488 US 992 [1988], *affd* 493 US 182 [1990]; *Flintkote Co. v American Mut. Liab. Ins. Co.*, *supra*, at 505). For example, in *Continental Ins. Co. v Polaris Indus. Partners* (199 AD2d 222, 223), this Court endorsed the dismissal of an action on the ground that another action was pending, even though the other action was subsequently commenced, where commencement was reasonably close in time and it was found that the other action "offers more" than the subject action.

The novel issue presented by the matter on appeal is the result of the specification of the date of filing as the time of commencement of the action. The question raised is whether the bare filing of the complaint is sufficient to require an adversary to litigate in that forum, particularly when it appears that the filer acted preemptively after learning of the opposing party's intention to commence litigation.

The record indicates that, at the time they commenced their action, the California plaintiffs (defendants herein) were on notice that an action would be brought against them for violation of the partnership agreement. The complaint in this action alleges that defendants were immediately given written notice that plaintiffs considered their attempt to install a new partner and continue the operation of the partnership to be "null and void", advised them that the scope of their activities should be limited to winding up the partnership's affairs and stated that their use of Mr. Haefeli's awards to solicit business was in violation of the Lanham Act (15 USC § 1125 [a]). While no such notice is contained in the record on appeal, Mr. Haefeli's affidavit in opposition to defendants' motion to dismiss states: "From November 22, 1995 until February 1996, my attorneys

had numerous conversations with defendants' counsel and engaged in extensive correspondence in an attempt to resolve the dispute between the parties without judicial intervention. At no time in any of the discussions up until February 1996, did [opposing counsel] mention that he had filed the complaint in [the California] action." His affidavit continues, "Defendants' counsel was told by my attorneys that plaintiffs would file an action in New York against his clients if they failed to properly account to plaintiffs and return my personal property." Significantly, defendants do not deny these allegations.

The Federal courts have had occasion to consider whether a party who has reason to know a lawsuit will be brought against him should be able to employ the expedient of filing an action to subject his opponent to a preferred forum (see, Cone Hosp. v Mercury Constr. Corp., 460 US 1). Such tactics have been rejected, especially where the earlier action seeks declaratory relief "filed in apparent anticipation of the other pending proceeding. Rather, such a course of action is an equitable consideration militating toward 'allow[ing] the later filed action to proceed to judgment in the plaintiff's chosen forum'" (Hartford Acc. & Indem. Co. v Hop-On Intl. Corp., 568 F Supp 1569, 1573 [SD NY 1983], quoting Factors Etc. v Pro Arts, 579 F2d 215, 219 [2d Cir 1978], cert denied 440 US 908 [1979]). The Federal District Court for the Southern District of New York declined to sanction "procedural gamesmanship" and reward a party " 'for winning a race to the courthouse which it had completed before its adversary heard the starting gun' " (supra, at 1573, quoting Companion Life Ins. Co. v Matthews, 547 F Supp 836, 841). Similarly, in National Union Fire Ins. Co. v Weber Exploration (605 F Supp 1299 [1985]), an action was filed in Texas by the limited partners in a Texas joint venture, who had each received a notice of default from a Pennsylvania insurance company indicating that, if payment was not forthcoming, action would be taken against them. There, the same court held (at 1304) that the filing of the Texas action, without effecting service of process until several months after the anticipated New York action had been commenced, was "without substantial import, and the fact that all defendants are residents of Texas is of little or no significance. Delaying tactics should not be rewarded." The matter on appeal involves a similar period of time between the filing of the California action and service of the complaint in that action upon plaintiffs White Light Productions, Inc. and Mark Haefeli.

It has been observed that literal application of the first to file rule under such circumstances " 'would create disincen-

tives to responsible litigation' " by discouraging settlement negotiations out of apprehension that an adversary might take advantage of the opportunity to file a preemptive suit in an advantageous forum (*Don King Prods. v Douglas*, 735 F Supp 522, 533 [SD NY 1990]; *Columbia Pictures Indus. v Schneider*, 435 F Supp 742, 747 [SD NY 1977], *affd* 573 F2d 1288 [2d Cir 1978]). As defendants cogently argue: "The New York action was filed second, but service was effected first. However, the race to the courthouse should not be determinative, the case should be heard by the forum with the most reason to hear the case. 'While priority in the bringing of actions is a factor to be considered in choice of forum litigation, it is not controlling, especially when commencement of the competing action[s] has been reasonably close in time' " (quoting *Flintkote Co. v American Mut. Liab. Ins. Co.*, 103 AD2d, *supra*, at 505).

Defendants argue that New York is not a convenient forum because the partnership is a California entity, its books and records are maintained there, the decision to terminate the partnership was made there and various unnamed witnesses reside in that State. However, plaintiff Mark Haefeli was locked out of the partnership's New York office, and his affidavit indicates that the witnesses to this event continue to reside here. Wherever the decision to exclude him from the operation of the partnership was made, the wrong had its consequences in this jurisdiction. While the partnership is a creature of the laws of California, it was doing business in New York in furtherance of its stated purpose. Books and records (unless particularly voluminous) are portable, and it would not appear to be significantly more burdensome to ask that Ms. Jewitt and Ms. Hunt travel to New York than to expect Mr. Haefeli and his witnesses to journey to California. Finally, the courts of this State are often called upon to decide controversies governed by the laws of another jurisdiction. In short, it is not compelling to contend that a partnership, formed for the express purpose of conducting business in New York, alleged to have committed a wrong arising out of its activities here and having an economic impact in this State, does not sufficiently affect the interest of this jurisdiction to require defendants to litigate in our courts.

In reviewing the order dismissing this action, the pertinent standard of review is whether Supreme Court improvidently exercised its discretion in granting defendants' motion (*Whitney v Whitney*, 57 NY2d 731, 732; *see also, D'Agostino v Harding*, 217 AD2d 835, 836) "in light of all of the circumstances

attending [the] case" (*Houston v Trans Union Credit Information Co.*, 154 AD2d 312, 313). In deciding defendants' application, Supreme Court did not consider the particular circumstances of this matter, holding that "the case must be dismissed because the California action was filed first." Thus, the court engaged in a mechanistic application of the first-in-time rule, without " 'reviewing and evaluating all the pertinent competing considerations' " (*Silver v Great Am. Ins. Co.*, 29 NY2d 356, 361, quoting *Varkonyi v S. A. Empresa De Viacao Aierea Rio Grandense*, 22 NY2d 333, 337), as appropriate in a case implicating forum non conveniens criteria.

Defendants should not be rewarded for their precipitous filing, approximately a week after learning of plaintiffs' intention to bring an action, placing venue in a distant forum. Defendants compounded the prejudice to plaintiffs by engaging in months of negotiations without serving process or informing plaintiffs that an action had been commenced. While plaintiffs have not demonstrated that this action is dissimilar in any substantial way to the action pending against them in California, neither have defendants satisfactorily established that the California action was filed for any purpose except to enforce their choice of forum if the ensuing settlement negotiations proved unavailing. As the Federal courts have recognized, a race to the courthouse to require an adverse party to litigate in a selected forum hinders responsible litigation and impedes settlement discussions and should therefore be discouraged.

Accordingly, the order of the Supreme Court, New York County (Stephen G. Crane, J.), entered December 6, 1996, which granted defendants' motion to dismiss the complaint on the basis that there is another action pending in California, should be reversed, on the law and the facts, and in the exercise of discretion, without costs, the motion denied, the complaint reinstated, and the matter remanded to Supreme Court for further proceedings.

ANDRIAS, J. (dissenting). I would affirm.

It is undisputed that the California action was commenced at least three months before the commencement of this New York action when defendant On The Scene Productions filed a complaint in Los Angeles County Superior Court on November 22, 1995, seeking the dissolution of defendant On The Scene Productions/NY, a California partnership, an accounting, a winding up of the partnership's affairs and injunctive relief. As noted by the IAS Court, it is vested with broad discretion pur-

suant to CPLR 3211 (a) (4) in considering whether to dismiss an action on the ground that another action is pending between the same parties on the same cause of action (*Whitney v Whitney*, 57 NY2d 731). That the individual defendants are not plaintiffs in the California action and that the New York action adds causes of action not presently in the California action are matters that can be rectified in the California action. Basically, all causes of action arise out of the one partnership agreement, which was negotiated and executed in California and which, by its terms, is to be governed by California law. Moreover, On The Scene Productions is a California partnership, the individual defendants are California residents and the books and records of the partnership are located in California.

Under these circumstances, I find no improvident exercise of the IAS Court's discretion and no reason to apply Federal standards, not urged by appellants, regarding strong Federal doctrines against deference to State actions, abstention from exercising Federal jurisdiction and transfer of an action from one Federal district to another. *Flintkote Co. v American Mut. Liab. Ins. Co.* (103 AD2d 501, *affd* 67 NY2d 857), a case essentially decided on forum non conveniens principles, is easily distinguishable inasmuch as there was only an 11-day gap between the commencement of the two actions and an "enormous" difference in issues between a complex asbestos coverage suit and a relatively simpler polyurethane action.

ROSENBERGER, J. P., ELLERIN and WILLIAMS, JJ., concur with RUBIN, J.; ANDRIAS, J., dissents in a separate opinion.

Order, Supreme Court, New York County, entered December 6, 1996, reversed, on the law, the facts and in the exercise of discretion, without costs, defendants' motion denied, the complaint reinstated and the matter remanded to Supreme Court for further proceedings.