# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| ACE AMERICAN INSURANCE CO., et al. | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | C.A. No. N22C-11-053 MMJ CCLD |
| WALMART INC., et al. | ) ) | |
| Defendants. | ) | |
| NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, et al., | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | C.A. No. N22C-11-052 MMJ CCLD |
| WALMART INC., et al. | ) ) | |
| Defendant. | ) | |

## ORDER

Submitted: February 15, 2023
Decided: May 9, 2023

On Defendant Walmart, Inc.'s Motion to Dismiss or,
in the Alternative,
to Stay this Action in Full

**Motion to Dismiss - DENIED**
**Motion to Stay - GRANTED**

Michael S. Shuster, Esq., (Argued) Holwell Shuster & Goldberg LLP, New York, NY, Thomas A. Uebler, Esq., and Kathleen A. Murphy, Esq., McCollom D'Emilio Smith Uebler LLC, Wilmington, DE, *Attorneys for Plaintiffs ACE American Insurance Company, ACE Property and Casualty Insurance Company Federal Insurance Company, Indemnity Insurance Company of North America, and Westchester Fire Insurance Company*

Robin Cohen, Esq., (Argued), Adam Ziffer, Esq., Orrie Levy, Esq., Meredith Elkins, Esq., Cohen Ziffer Frenchman McKenna, LLP, New York, NY, Jennifer C. Wasson, Esq., Potter Anderson Corroon, LLP, Wilmington, DE, *Attorneys for Defendant Walmart, Inc.*

Paul Koepff, Esq., Clyde & Co., New York, NY, *Attorneys for Defendant/Cross-Claimant, XLIA*

Marc Casarino, Esq., Kennedy Law, Wilmington, DE, *Attorneys for Defendant, QBE*

Elizabeth Powers, Esq., Bayard Law, P.A., Wilmington, DE, Patrick Coughlin, Esq., Suzanne Midlige, Esq., Coughlin Midlige Garland, LLP, Morristown, NJ, *Attorneys for Defendant Arrowood Indemnity Company*

Philip Trainer, Jr., Esq., Ashby & Geddes, Wilmington, DE, *Attorneys for Defendants, Liberty International Underwriters, Inc. and The Ohio Casualty Insurance Company*

Carmella P. Keener, Esq., Cooch and Taylor, P.A., Wilmington, DE, Lindsey D. Dean, Esq., Lindsey D. Dean, Esq., Bates Carey, LLP, Chicago, IL, *Attorneys for Defendants, Princeton Excess and Surplus Lines Insurance Company, Great American Spirit Insurance Company, Great American Insurance Company of New York, Great American Assurance Company, Great American Insurance Company, American National Fire Insurance Company, Great American Alliance Insurance Company*

Eileen M. Ford., Esq., Marks O'Neill O'Brien Doherty Kelly, P.C., Wilmington, DE, Karen Toto, Esq., Wiley Rein, LLP, Washington, DC, *Attorneys for Continental Insurance Company and Continental Casualty Company*

Neil Lapinski, Esq., Madeline Silverman, Esq., Gordon Fournaris Mamarella, LLP, Wilmington, DE, *Attorneys for General Security Indemnity Company of Arizona and General Security National Insurance*

**JOHNSTON, J.**

1. Beginning in 2017, Defendant Walmart was sued in thousands of lawsuits nationwide, in connection with the distribution and dispensing of opioid products. Plaintiff insurers have denied coverage for this litigation.

2. Immediately following termination of a tolling agreement, Walmart filed suit in Arkansas on November 7, 2022, against all insurers whose policies allegedly are implicated in the opioid lawsuits. The Arkansas action seeks declaratory judgement for coverage obligations.

3. Plaintiff insurers filed this action in Superior Court on November 7, 2022. These actions are contemporaneously filed. Neither the Arkansas nor Delaware coverage case is entitled to first-filed deference.[1]

4. Defendant filed the instant Motion to Dismiss Plaintiffs' Complaint or, in the Alternative, to Stay This Action. The parties submitted briefs and the Court heard oral argument on February 15, 2023.

---

[1] *See McWane Cast Iron Pipe Corp. v. McDowell-Wellman Eng-g Co.*, 263 A.2d 281, 284 (Del. 1970).

5. During argument, the Court was informed that the insurer defendants' Motion to Dismiss or Stay the Arkansas case had been argued, and that a decision was expected by the end of February 2023.

6. By Order dated March 30, 2023, the Circuit Court of Benton County, Arkansas Civil Division ruled:

> The convenience to each part in obtaining documents or witnesses is essentially the same whether this case proceeds in Arkansas or Delaware, because all of the parties have, or should 7 have, their own policies of insurance. The evidence of the opioid crises (to the extent if it might be needed) has already been electronically accumulated by the parties and is otherwise available to the parties. The majority of the witnesses will be the parties' employees or agents, and they may appear by electronic means. The expense to each party is substantially the same whether this litigation proceeds in Arkansas or Delaware. The court's docket is such, that this court can manage this case to disposition probably quicker than the parties desire. There are no other facts or circumstances that would affect a just determination by this Court of this case.
>
> The Defendants' Joint Motion To Dismiss or Stay this proceedings is denied. The Defendants are given sixty (60) days from the entry of this Order to file their Answers.
>
> IT IS SO ORDERED

7. Where Delaware law is not at stake, comity requires Delaware courts to "be extremely cautious not to intrude on the legitimate interests of other sovereign

states."[2]  Comity permits one state to give effect to the laws of a sister state, not out of obligation, but out of respect and deference."[3]  "[T]he primary concern is not which court has jurisdiction or even which court should hear the dispute but whether … [i]n the interest of judicial economy,… which court should defer, as a matter of comity, to the other in order to avoid vexatious litigation and duplication of effort, with the attendant risk of divergent rulings on similar issues."[4]

8.  The Court finds that the principles of comity weigh in favor of deferring to the concurrent jurisdiction of the Arkansas Court.  The Superior Court has discretion in the exercise of its inherent authority to stay proceedings in control of its docket.[5]

**THEREFORE,** Defendant's Motion to Dismiss is hereby **DENIED.** Defendant's Alternative Motion to Stay is hereby **GRANTED.**

**SO ORDERED.**

_/s/ Mary M. Johnston_
The Honorable Mary M. Johnston

---

[2] *Bell Helicopter Textron, Inc. v. Artega*, 113 A.3d 1045, 1051-52 (Del. 2015).
[3] *First Health Settlement Class v. Chartis Specialty Ins. Co.,* 111 A.3d 993, 998 (Del. 2015).
[4] *White Light Prods., Inc. v. On the Scene Prods., Inc.,* 231 A.D.2d 90, 96 (N.Y.A.D. 1997).
[5] *M&T Bank v. Ellery*, 2016 WL 6092727, at *2 (Del. Super.).