Gray v Nassau Life Ins. Co. (2026 NY Slip Op 01403)

Gray v Nassau Life Ins. Co.

2026 NY Slip Op 01403

Decided on March 12, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 12, 2026

Before: Kennedy, J.P., Gesmer, Mendez, Pitt-Burke, Rosado, JJ. 

Index No. 100369/23|Appeal No. 6069-6070|Case No. 2025-03074 2025-05197|

[*1]Evan W. Gray etc., Plaintiff-Appellant,
vNassau Life Insurance Company, Defendant-Respondent. 

Evan W. Gray, appellant pro se.
Bond Schoeneck & King PLLC, New York (Mark A. Berman of counsel), for respondent.

Order, Supreme Court, New York County (Kathleen Waterman-Marshall, J.), entered on or about April 11, 2025, which granted defendant's motion to dismiss, and order, same court and Justice, entered on or about August 22, 2025, which denied plaintiff's motion to renew, unanimously affirmed.
The court providently exercised its discretion in dismissing this action based on an action pending in the United States District Court for the District of New Hampshire (see CPLR 3211[a] [4]; White Light Prods. v On the Scene Prods., 231 AD2d 90, 99 [1st Dept 1997]). We reject plaintiff's argument that the federal action was not the "first in time." Although that action was removed to federal court in 2023, it originated as two actions in New Hampshire probate court, each of which was commenced well before this action (see CPLR 3211[a][4]).
To dismiss on the basis of a prior action pending, a court needs to find substantial, not complete, identity of the parties across the relevant actions and that both actions arise out of the same subject matter or series of alleged wrongs (see Syncora Guar. Inc. v J.P. Morgan Sec. LLC, 110 AD3d 87, 96 [1st Dept 2013]). Here, the subject matter test is satisfied because, while plaintiff may not be suing in the same capacity as is in the federal action, in both actions he seeks the payment of life insurance proceeds under a policy issued by defendant's predecessor in interest, Phoenix Mutual Life Insurance Company, which he claims should have been payable to a 1985 trust. In both actions, plaintiff alleges that Phoenix paid the proceeds to the wrong party, with the federal action seeking to blame Chester L. Gray III (Gray III), the alleged wrongful recipient of the funds, and this action seeking to blame Phoenix, the payor of those same funds. Under such circumstances, the court properly found the parties to have substantially similar identities, and the absence of a common defendant across the two actions is of no moment (see id. at 95-96). The court also properly dismissed the action on the basis of failure to join a necessary party pursuant to CPLR 1001, based on plaintiff's failure to join Gray III. Because defendant already paid the Phoenix death benefits to Gray III, the resolution of this action is inextricably intertwined with the issue of whether defendant's payment to him was appropriate, and with the ability of one party or another to recover from him. Absent Gray III's presence, any judgment in this action may be incomplete and inequitable (see CPLR 1001[a], [b]).
Finally, the court providently exercised its discretion in denying plaintiff's motion for leave to renew since, even if the facts and arguments presented on the motion were truly not available at the time, there is no indication that they would have actually changed the outcome (see Wade v Giacobbe, 176 AD3d 641, 641 [1st Dept 2019], lv dismissed 35 NY3d 937 [2020]).
We have considered plaintiff's remaining arguments and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 12, 2026